UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER N. ESTEEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1265** |
| **N. BURL CAIN** | **SECTION "N" (5)** |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher N. Esteen, initiated this proceeding by filing a *pro se* pleading entitled, "Complaint." His allegations stem from an incident that occurred in October 2013 in the Louisiana State Penitentiary in Angola, Louisiana.[1]  For the following reasons, it is recommended that the Court dismiss this action without prejudice based upon plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*, failure to comply with the Court's order, and failure to prosecute.

*Analysis*

On or about March 7, 2014, plaintiff filed his complaint in this Court. The complaint was deficient in form and did not include either an application to proceed *in forma pauperis* or the filing fee required by law, 28 U.S.C. § 1915. On March 11, 2014, the Clerk's Office sent plaintiff

---

[1] Based on the allegations in this complaint, it also appears to be filed in an improper venue. He indicates the incident took place in the Louisiana State Penitentiary in Angola, Louisiana, which is located in West Feliciana Parish within the boundaries of the United States District Court for the Middle District of Louisiana.

a deficiency notice, along with the standard forms, and requested that he remedy the deficiencies in a timely manner.[2] Plaintiff did not respond. Upon filing the deficient complaint, the Clerk's Office once again notified plaintiff and gave him another opportunity to correct the deficiencies.[3] Plaintiff did not respond to the Clerk's second directive. Having received nothing from plaintiff, the undersigned issued an order entered on July 1, 2014.[4] The order included a copy of an application to proceed without prepayment of fees and affidavit.  Plaintiff was given a period of time, up to and including July 21, 2014, to pay the required filing fee or file an application to proceed *in forma pauperis*.  This Court's order warned plaintiff that his complaint would be subject to dismissal if he did not comply.  To date, plaintiff has not responded or complied with this Court's order.

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir.1978) (same).

Plaintiff has been afforded ample time and opportunity to respond to the Court regarding the filing of his complaint. He has failed to pay the filing fee or file an application to proceed *in forma pauperis*, and has not communicated with the Court or pursued prosecution of this case.  In light of plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*, and to comply with the court's order and pursue prosecution of this action,

---

[2] Rec. Doc. Nos. 1, 4.

[3] Rec. Doc. No. 2.

[4] Rec. Doc. No. 3.

the action should be dismissed without prejudice.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** plaintiff's civil complaint for failure to pay the filing fee or request to proceed *in forma pauperis*, failure to comply with the Court's order of July 1, 2014, and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[5]

New Orleans, Louisiana, this 23rd day of July, 2014.

                              **MICHAEL B. NORTH**
                        **UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.